IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH DAVID STOUGH, #118 365, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:10-CV-883-TMH |
| | )                [WO] |
| TROY SILVA, LIEUTENANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently housed at the Bibb Correctional Facility in Brent, Alabama, filed this 42 U.S.C. § 1983 complaint seeking damages and injunctive relief. He brings this action for a violation of his civil rights claiming he was not fully paid for private work duty assignments he provided to jail personnel on their personal property. Plaintiff names as defendants to this cause of action Sheriff William Maddox and Henry County Jail Administrator Tony Silva.

Defendants filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat Defendants' report as a motion for summary judgment. This case is now pending on Defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and Plaintiff's response in opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

# I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

genuine dispute of material fact with respect to the claims properly before this court. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive Defendants' properly supported motions for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party

relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250.

A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. BACKGROUND

Plaintiff was booked into the Henry County Jail on May 22, 2008 on two counts of first degree rape, two counts of sexual abuse, and one count of first degree sodomy. He remained in the jail for a little over two years prior to being transferred to the custody of the Alabama Department of Corrections. (*Doc. No. 12, Silva Affidavit*.)

During his incarceration at the jail, Plaintiff became a trustee. He claims he performed private work duties on Defendant Silva's personal property for $5.00 per hour. Because Defendant Silva paid Plaintiff only part of the monies due for the work he performed, Plaintiff filed a small claims complaint with the District Court for Henry County in order to enforce payment of the remaining amount he claims Defendant Silva owed to him. The state court dismissed the complaint with prejudice for Plaintiff's failure to appear in court. Plaintiff asserts he had been transferred to the Department of Corrections at the time of the scheduled court appearance and was not transferred for the hearing despite requesting such transfer. (*Doc. No. 1; see also Doc. No. 12, Exhs. B-F*.)

Plaintiff maintains that he submitted inmate grievances to Sheriff Maddox in an effort to resolve the matter regarding full payment for the services he provided to Defendant Silva. Sheriff Maddox, Plaintiff claims, failed to fully investigate the substance of his grievance including the practice of having jail inmates perform work at the private residences of jail personnel. According to Plaintiff, however, complaining about such assignments could result in an inmate's removal from trustee status. (*Doc. No. 1*.)

Plaintiff brings this § 1983 action alleging that Defendants' conduct subjected him to cruel and unusual punishment in violation of the Eighth Amendment. He requests punitive damages of $10,000.00, an order directing removal of Defendants from their jobs, and a federal investigation into Defendants' practice of using jail trustees for private work without proper compensation.  (*Doc. No. 1*.)

### III.  DISCUSSION

Defendants move for summary judgment on the ground, among others, that Plaintiff's complaint is barred by the doctrine of *res judicata*.  Under Alabama law, which the court applies because Defendants rely on the decision of an Alabama state court to invoke the doctrine of *res judicata*, a subsequent action on a previously litigated claim is barred by satisfying four elements: (1) there must have been a prior judgment on the merits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be substantial identity of the parties; and (4) both cases must involve the same causes of action.  *Kizzire v. Baptist Health System, Inc.*, 441 F.3d 1306, 1308-09 (11th Cir. 2006) (*citing Equity Res. Mgmt. Inc., v. Vinson*, 723 So.2d 634, 636 (Ala. 1998)).  It is critical that the same facts must substantially support both actions.

> It is well-settled that the principle test for comparing causes of action for the application of *res judicata* is whether the *primary right and duty or wrong* are the same in each action. Res judicata applies not only to the exact legal theories advanced in the prior case, but to *all legal theories and claims* arising out of the same nucleus of operative facts.... As it is sometimes stated, where two successive suits seek recovery for the same injury, a judgment on the

>merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.

*Old Republic Ins. Co. v. Lanier,* 790 So.2d 922, 928–29 (Ala. 2000) (quotation marks and citations omitted) (emphasis in original).

It is undisputed that Plaintiff filed a small claims complaint against Defendant Silva in the District Court for Henry County, Alabama, seeking unpaid funds for private work performed by Plaintiff on Defendant Silva's personal property. The state court dismissed the action for Plaintiff's failure to appear for a hearing scheduled in the matter. Plaintiff's appeal from the lower court's decision was dismissed by the Circuit Court for Henry County for non-payment of the filing fee.[2] (*Doc. No. 12, Exhs. B-J.*)

It is also clear from the pleadings, documents, and records before the court that the instant action involves substantial identity of the parties and that the claims presented arise out of the same "nucleus of operative facts" alleged in Plaintiff's earlier state court case. It is irrelevant that Plaintiff brings his claims under § 1983 to assert constitutional violations and/or under a different theory of state law in his new complaint but not in his earlier state court complaint. *See Old Republic Ins. Co.,* 790 So.2d at 928. Plaintiff is, therefore, barred by *res judicata* from re-litigating the claims in the present action. *Id.* at 928-29.

Even assuming, *arguendo*, that re-litigation of the claims presented in the instant

---

[2]ALA. R. CIV. P. 41(b) provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." As reflected in the record before the court, neither order of the state court otherwise specified; therefore, the dismissals were adjudications on the merits.

action is not barred by the doctrine of *res judicata*, Plaintiff would not be entitled to relief on his claims. Plaintiff claims that he was forced to perform private work duties for jail officials in violation of his Eighth Amendment rights. As a pre-trial detainee, Plaintiff's claims are properly analyzed under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979). Under the due process clause of the Fourteenth Amendment, a state may not impose punishment on a pretrial detainee who has not been adjudicated guilty of any offense. *Id*. Prior to trial, the state may detain a defendant "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536–37. In examining a pretrial detainee's conditions of confinement, a court must determine whether the restriction was imposed for a punitive purpose or whether the restriction was reasonably related to a legitimate government objective. *Id*. at 538–39. Pretrial detention becomes punitive in violation of the Fourteenth Amendment only if the conditions placed on the detainee are "more restrictive than necessary to assure his presence at trial or to preserve security." *Miller v. Carson,* 563 F.2d 741, 750 (5th Cir. 1977).[3]

"To qualify as cruel and unusual punishment, conduct that is not inherently punitive must involve more than an ordinary lack of due care for a prisoner's safety or welfare." *Villarreal v. Woodham*, 113 F.3d 202 (11th Cir. 1997) (*citing Whitley v. Albers*, 475 U.S. 312,

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit, handed down prior to the close of business on September 30, 1981, are binding as precedent in the Eleventh Circuit. *Bonner v. City of Pritchard,* 661 F.2d 1206, 1207 (11th Cir. 1981).

320-22 (1986)).  In this case, there is no indication that the work performed by Plaintiff at the behest of Defendant Silva was punitive in nature or posed any risk to his health or safety. Clearly, the fact that Plaintiff was paid some of the wages he claims Defendant Silva owed him is not in keeping with an intent to punish.[4]  Additionally, while Plaintiff characterizes the work he performed for Defendant Silva as "exploitive" of pre-trial detainees on the basis that an inmate's decision to not work meant he would have to remain within the confines of the jail, it appears clear that Plaintiff chose to occupy his time outside the confines of the jail by accepting outside work details.  Plaintiff, without more, was not otherwise entitled to be free of "the confines of the jail" while awaiting trial.  Accordingly,  Plaintiff has not demonstrated a violation of the Fourteenth Amendment with respect to his compensation claim.

To the extent an allegation is made that Defendant Silva's failure to fully compensate Plaintiff for the work he performed amounts to negligence, no claim of constitutional magnitude is stated. As explained,  a lack of due care by prison officials is not actionable under 42 U.S.C. § 1983.  The protections of the Constitution "are just not triggered by lack of due care by prison officials," *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986), and a "breach of duty" is not a constitutional violation.

---

[4] In *Villarreal*, the court also addressed the issue of whether pre-trial detainees must be paid a minimum wage as required by federal law and determined that pre-trial detainees are not employees covered by the Fair Labor Standards Act ["FLSA"], and therefore, not entitled to minimum wage.  113 F.3d at 207. *See generally Murray v. Miss. Dept. of Corr.,* 911 F.2d 1167,1167-68 (5th Cir. 1990) (inmates have no constitutional right to compensation).

*See Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortuous conduct, as long as the state system as a whole provides due process of law).

Plaintiff's dissatisfaction with the manner in which Defendant Maddox handled his grievances regarding Defendant Silva's conduct which, in turn, failed to prevent "the illegal practice of his department" of allowing pretrial detainees to perform private work on jail personnel's private property (*Doc. No. 1*), does not state a viable § 1983 claim. Plaintiff has no constitutionally protected right in the investigation and resolution of his grievances. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). In the context of a county jail setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, Defendant Maddox's failure to comply with the established procedures of the jail's grievance mechanism and/or his failure to investigate Plaintiff's grievances to his

satisfaction provides no basis for relief under § 1983. *See Brown v. Dodson*, 863 F. Supp. 284 (W.D. Va. 1994); *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). Additionally, although 42 U.S.C. §1997e(a) requires that an inmate exhaust his available administrative remedies prior to filing suit under § 1983, "[t]he failure [of officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C.§ 1997e(b).

Finally, there is no viable § 1983 claim against Defendant Maddox based on a theory of *respondeat superior*. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009); *Hardin v. Hayes,* 957 F.2d 843, 849 (11th Cir.1990); *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986). In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitution deprivation. *Iqbal*, 556 U.S. at 676-77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* .... [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution .... [P]urpose rather than knowledge is required to impose [constitutional] liability on ... an official charged with violations arising from his or her superintendent responsibilities"); *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003). The plaintiff must also allege that there is an ordinance, policy, or practice that is the "moving force" behind the alleged deprivation of rights by individual employees in their official capacity. *Kentucky v. Graham,* 473 U.S. 159 (1985);

*Mandel v. Doe,* 888 F.2d 783, 791 (11th Cir. 1989).

There is no allegation that Defendant Maddox was actually involved in, or exercised control or direction over, the alleged constitutional deprivations in this matter. Although Plaintiff alleges in summary fashion that Defendant Maddox does not have proper rules and regulations in place in regard to the matters at hand and that there is widespread abuse concerning disparity in inmate pay if an inmate is paid at all (*Doc. No. 17*), he cites no such specific policy(s) that contributed to the allegations about which he complains.

In light of the foregoing, even if Plaintiff could demonstrate that he is not precluded from litigating the same or related allegations anew in this proceeding, for the reasons explained he has, nonetheless, failed to show that he would be entitled to any relief on the merits of his claims. Defendants' motion for summary judgment is due to be granted.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions for summary judgment (*Doc. No. 12*) be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. This case be DISMISSED with prejudice

4. Costs be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **July 5, 2013** the parties may file an objection to the

Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of June, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE